## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| EDWARD BROWNE,                                        ) | |
| )                                                     | |
| **Plaintiff,**     ) | |
| v.                                                    ) | Civil Action No. 21-0295 |
| )                                                     | |
| UNITED STATES OF AMERICA,                             ) | |
| DEPARTMENT OF THE INTERIOR,                           ) | |
| and DEB HAALAND, in her official capacity             ) | |
| as SECRETARY OF THE INTERIOR                          ) | |
| )                                                     | |
| **Defendants.**     ) | |
| _____)       | |

**Appearances:**
**Edward Browne**
  *Pro Se*
**Kimberly L. Cole, Esq.**
St Thomas, U.S.V.I.
  *For Defendants*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

   THIS MATTER comes before the Court on Defendants United States of America, Department of the Interior, and Secretary of the Interior Deb Haaland's[1] "Motion to Dismiss" (Dkt. Nos. 10-11) and Plaintiff's Opposition thereto (Dkt. No. 12). For the reasons discussed below, the Court will grant Defendants' Motion.

## I.  BACKGROUND

   Based on the allegations in the Complaint, *pro se* Plaintiff Dr. Edward L. Browne

---

[1] The Secretary of the Interior is sued in her official capacity only.

("Plaintiff") was born in the U.S. Virgin Islands and currently resides in St. Croix.[2] (Dkt. No. 1-1 at ¶ 10). Plaintiff alleges that he "is a strong advocate for historical accuracy and the teaching of the history of the Virgin Islands." *Id.* at ¶ 11. Plaintiff further alleges that the 64th U.S. Congress enacted "legislation that allowed the 1906 Colonial Law to remain in force and effect in the Virgin Islands," thereby allowing "the serfdom variant established in 1853 under Danish colonial rule" to continue. *Id.* at ¶ 29. Plaintiff claims that the 64th Congress' actions and the actions of Defendants in failing to recognize and remedy the modern-day consequences of serfdom in the Virgin Islands continue to cause "systemic historical disparities" that cause "the general welfare of the plaintiff [to be] harmed in several quality-of-life areas, to include health care, education, politics, socioeconomics, and infrastructure." *Id.* at ¶ 6. Plaintiff claims that these actions violate the Thirteenth Amendment and, as such, seeks a declaratory judgment that the actions of the 64th U.S. Congress violated the Thirteenth Amendment. Plaintiff also seeks injunctive relief in the form of "appropriate and other related remedies for systemic historical disparities that exist in the Virgin Islands," and the "construction and administration of quality-of-life assessments." *Id.* at ¶¶ 69-71.

On December 17, 2021, Defendants filed their "Motion to Dismiss." (Dkt. No. 10-11). Defendants argue that: Plaintiff lacks standing to pursue his claims; the Government has not waived its sovereign immunity from suits arising under the Thirteenth Amendment; and Plaintiff fails to allege a violation of the Thirteenth Amendment. (Dkt. No. 11).

## II.    DISCUSSION

While *pro se* complaints must be construed liberally, such complaints aren't immune from dismissal. *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Jones v. Unknown*, 944

---

[2] The factual assertions contained herein, as set forth in the Complaint, are assumed to be true for purposes of resolving the instant motion only. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

F.3d 478, 483) (3d Cir. 2019). "Article III standing is a constitutional requirement[.]" *Phila. Taxi Ass'n v. Uber Techs.*, 886 F.3d 332, 345 (3d Cir. 2018). "Before the Court reaches the other bases proffered to dismiss . . . Plaintiff's claims under Rule 12, the Court must first determine pursuant to Rule 12(b)(1) if [Plaintiff] has standing and, relatedly, if this Court has subject matter jurisdiction." *Anderson v. Gannett Co.*, 2023 U.S. Dist. LEXIS 90138, at *8-9 (D.N.J. May 23, 2023); *see c.f. Hartig Drug Co. v. Senju Pharm. Co*., 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing is essential to federal subject matter jurisdiction and is thus 'a threshold issue that must be addressed before considering issues of prudential standing.'").

To establish standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Like other plaintiffs, a *pro se* Plaintiff must meet the requirements of the standing doctrine. *Kallas v. Egan*, 842 Fed. App'x. 676, 679 (2d Cir. 2021) (rejecting plaintiff's argument that *pro se* plaintiffs need not demonstrate standing because "all plaintiffs must demonstrate standing"); *see also Scott v. Family Dollar Stores*, 2020 U.S. Dist. LEXIS 233051, at *12 (W.D. Pa. Dec. 11, 2020) (dismissing *pro se* plaintiff's complaint because plaintiff lacked standing).

As Plaintiff describes his claims, the injuries alleged are the results of "systemic historical disparities." (Dkt. No. 1-1 at ¶ 6). Plaintiff asserts, without citation, that "he has standing because systematic historical disparities are concrete injuries that continue to cause consistent and repeated harm to Plaintiff on an individualized basis." (Dkt. No. 12 at 7). According to Plaintiff, "the harms related to systematic historical disparities are directly traceable to the actions of the Defendants[.]" *Id*. Defendants argue, by contrast, that Plaintiff lacks "standing to litigate claims based on systemic

historical disparities." (Dkt. No. 11 at 7).

"The allegations in the complaint are not sufficient to establish that plaintiff has suffered a concrete and particularized injury within the meaning of the standing doctrine." *See Brown v. Brit. Parliament*, 2023 U.S. Dist. LEXIS 63087, at *7 (D. Mass. Apr. 11, 2023) (dismissing "a suit seeking damages for harm arising out of slavery" because Plaintiff failed to establish standing). Plaintiff has not alleged a concrete injury caused to him by Defendants' actions; rather, he alleges general harms resulting from "systemic historical disparities." (Dkt. No. 1-1 at ¶ 6). These general harms are described as harms to "the general welfare of the plaintiff . . . in several quality-of-life areas, to include health care, education, politics, socioeconomics, and infrastructure." *Id.* at ¶ 6.[3] "Our cases make clear, however, that such injury accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct." *Allen v. Wright*, 468 U.S. 737, 755 (1984).

Further, "even assuming that [P]laintiff [himself] has suffered present-day harms" stemming from serfdom, such harms "would fail to satisfy the traceability requirement under Article III." *Brown v. Brit. Parliament*, 2023 U.S. Dist. LEXIS 63087, at *7 (D. Mass. Apr. 11, 2023) (citing *In re African-American Slave Descendants Litigation*, 471 F.3d 754, 762 (7th Cir. 2006)). Indeed, as the Seventh Circuit explained:

> It is possible that had the ancestor not died when he did he would have become a wealthy person and left bequests so immense that his remote descendant, the plaintiff, would have inherited more money from his parents or grandparents than he actually did. But that is too speculative an inquiry to provide a basis for a federal suit.

---

[3] In his Opposition to the Motion to Dismiss, Plaintiff makes the same general assertion. *See* (Dkt. No. 12 at 9) ("Plaintiff argues that he has standing because systemic historical disparities are concrete injuries that continue to cause consistent and repeated harm to Plaintiff on an individual basis.").

*In re African-American Slave Descendants Litigation*, 471 F.3d at 761; *see Vance v. Gov't of the United States*, 2021 U.S. Dist. LEXIS 119995, at *6 (M.D. Pa. June 28, 2021) (applying *In re African-American Slave Descendants Litigation* to dismiss *pro se* plaintiff's complaint seeking reparations).

In sum, Plaintiff's inability to establish standing deprives the Court of subject matter jurisdiction over this matter.[4]  The case will therefore be dismissed.

### III.    CONCLUSION

In view of the foregoing, the Court will grant Defendants' "Motion to Dismiss" (Dkt. No. 10) and dismiss Plaintiff's Complaint without prejudice.[5]

An appropriate Order accompanies this Memorandum Opinion.


Date: March 30, 2024                                    _____/s/_____
                                                       WILMA A. LEWIS
                                                       District Judge


---

[4] In view of the Court's ruling that Plaintiff lacks standing to bring the claims set forth in his Complaint, the Court need not—and does not—address Defendants' other arguments.  *Brown v. Brit. Parliament*, 2023 U.S. Dist. LEXIS 63087, at *5 (D. Mass. Apr. 11, 2023) ("Because the Court finds that the complaint fails to allege an injury-in-fact sufficient to establish Article III standing, it will not reach the remaining grounds.").

[5] "[D]ismissal for lack of standing is generally without prejudice." *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 209 (3d Cir. 2021) ("because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.") (internal quotation omitted).